IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBVIE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ALKEM LABORATORIES LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AbbVie Inc. ("AbbVie" or "Plaintiff"), by its attorneys, brings this action against Defendant Alkem Laboratories Limited ("Alkem"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of U.S. Patent No. 11,542,239 ("the '239 patent") arising under the United States Patent Laws, Title 35, United States Code, § 1, *et. seq.*, and in particular under 35 U.S.C. § 271. This action relates to Alkem's recent submission to the United States Food and Drug Administration ("FDA") of an Abbreviated New Drug Application ("ANDA") seeking approval to market generic versions of Plaintiff's commercial pharmaceutical product ORILISSA® (elagolix sodium oral tablets, (eq. 150 mg base and eq. 200 mg base), submitted under New Drug Application ("NDA") No. 210450), prior to the expiration of patents listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for ORILISSA®.  Alkem has submitted ANDA No. 217668 ("Alkem's ANDA"), which seeks approval to market its generic version of

ORILISSA®, elagolix sodium oral tablets (eq. 150 mg base and eq. 200 mg base) ("Alkem's Generic Product"), prior to the expiration of the '239 patent.

2.　　Alkem has infringed one or more claims of the '239 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its filing of ANDA No. 217668 seeking FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Alkem's Generic Product prior to the expiration of the '239 patent, or any extensions thereof.  Alkem will infringe one or more claims of the '239 patent under 35 U.S.C. § 271(a), (b), or (c) should it engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Alkem's Generic Product prior to the expiration of the '239 patent, or any extensions thereof.

3.　　Plaintiff AbbVie Inc., along with AbbVie Ltd and Neurocrine Biosciences, Inc., previously filed a separate action in this Court against Alkem Laboratories Limited for patent infringement relating to ANDA No. 217668, which included counts for infringement of U.S. Patent Nos. 10,537,572 ("the '572 patent"), 10,682,351 ("the '351 patent"), and 11,344,551 ("the '551 patent").  *AbbVie Inc., et al. v. Alkem Laboratories Limited, et al.*, C.A. No. 22-1423-RGA-JLH (the "First Suit") was filed on October 27, 2022.  The First Suit was filed in response to a letter from Alkem dated September 23, 2022 ("Alkem's First Notice Letter"), purporting to be a "Notice of Paragraph IV" for ANDA No. 217668 pursuant to § 505(j)(2)(b)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 as to the '572 patent, the '351 patent, and the '551 patent.  The First Suit included counts for infringement of the '572 patent, the '351 patent, and the '551 patent.

4.      Based on information and belief, Alkem is maintaining its certification as to the '572 patent, the '351 patent, and the '551 patent set out in Alkem's First Notice Letter.  Thus, Plaintiffs will continue to prosecute all infringement counts presented in the First Suit.

## ORILISSA®

5.      ORILISSA® is a gonadotropin-releasing hormone (GnRH) receptor antagonist indicated for the management of moderate to severe pain associated with endometriosis.  Over 80,000 women have been prescribed ORILISSA®.

6.      Endometriosis occurs when tissue that normally lines the inside of the uterus grows outside of the uterus (where it does not belong).  These growths are referred to as lesions. During the menstrual cycle, estrogen levels rise and can cause endometriosis lesions to grow. Then, during a period, the lesions can break down and shred, causing pain throughout the month.

7.      One way to manage common symptoms of endometriosis is to reduce the amount of estrogen the body produces.  ORILISSA® inhibits endogenous GnRH signaling by binding competitive to GnRH receptors in the pituitary gland.  ORILISSA® dials down estrogen, which can help manage endometriosis pain.

8.      ORILISSA® was approved by the FDA on July 23, 2018, pursuant to NDA No. 210450.   There are 2 different FDA approved dosage forms of ORILISSA®: 150 mg (administered orally once a day for management of moderate to severe pain associated with endometriosis) or 200 mg (administered orally twice a day for management of moderate to severe pain associated with endometriosis).

9.      ORILISSA® is marketed and sold in the United States by AbbVie.

10.      The '239 patent is listed in the Orange Book for ORILISSA®.

**THE PARTIES**

11.    Plaintiff AbbVie is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, Illinois 60064.  AbbVie is the assignee and owner of the '239 patent.  AbbVie holds NDA No. 210450 for ORILISSA®.  AbbVie is a global research and development-based biopharmaceutical company committed to developing innovative therapies for some of the world's most complex and critical conditions.  The company's mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas, including women's health.

12.    AbbVie markets, distributes, and sells therapeutic drug products, including ORILISSA®, in this judicial district and throughout the United States.

13.    On information and belief, Alkem is a company organized and existing under the laws of India, with a principal place of business at Alkem House, Senapati Bapat Marg, Lower Parel, Mumbai MH 400013 India.

14.    On information and belief, Alkem is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in the State of Delaware, either individually or in concert.

15.    On information and belief, Alkem caused Alkem's ANDA to be submitted to FDA and seek FDA approval of Alkem's ANDA.

16.    On information and belief, and consistent with its practice with respect to other generic products, following FDA approval of Alkem's ANDA, Alkem will distribute and sell the proposed generic elagolix sodium oral tablet (eq. 150 mg base and eq. 200 mg base) products described in Alkem's ANDA throughout the United States, including the State of Delaware.

4

**JURISDICTION AND VENUE**

17.    This Court has personal jurisdiction over Defendant Alkem because, on information and belief, Alkem, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its affiliates, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Alkem's Generic Product in the State of Delaware upon approval of ANDA No. 217668.

18.    On information and belief, Alkem purposefully has conducted and continues to conduct business in this judicial district by manufacturing, importing, marketing, and distributing pharmaceutical products, including generic drug products, either by itself or through its subsidiaries, agents, and/or alter egos, throughout the United States, including in this judicial district.

19.    On information and belief, Alkem, either directly or through affiliates, currently sells significant quantities of generic drug products in the United States and in the State of Delaware.  Alkem's website states: "Being the focal point of our international operations, we manufacture and supply a wide-range of generics and branded formulations in the United States. Our primary subsidiary, Ascend is ranked amongst the fastest growing companies in terms of generic drugs sales." (https://www.alkemlabs.com/us.php, accessed on August 9, 2023).  Alkem's website further states: "Our commitment to research has led us to cumulatively file over 144 ANDAs with the US FDA. Our products are available at major pharmacy chains, wholesalers, managed care companies, distributors and pharmaceutical retailers."  *Id.*  On information and belief, Alkem derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within the State of Delaware.

20.     This Court also has personal jurisdiction over Alkem because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied.  On information and belief, Alkem satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State), § 3104(c)(4) "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

21.     This Court also has personal jurisdiction over Alkem by virtue of the fact that, *inter alia*, Alkem has committed—or aided, abetted, induced, contributed to, or participated in the commission of—the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Plaintiff in this District.

22.     On information and belief, Alkem is subject to personal jurisdiction in this judicial district through its pursuit of regulatory approval for ANDA No. 217668 for the commercial manufacture, use, and/or sale of Alkem's Generic Product, if approved, in this judicial district and to residents of this judicial district.  Through at least these activities, Alkem has purposely availed itself of the rights and benefits of Delaware law such that it should reasonably anticipate being haled into court in this judicial district.

23.     On information and belief, Alkem has been, and continues to be, responsible for the drafting, submission, request for approval, and maintenance of ANDA No. 217668 with certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certifications") regarding the '239 patent.  On information and belief, and as indicated by letter dated June 26,

2023, sent by Alkem to AbbVie Inc. pursuant to 21 U.S.C. § 355(j)(2)(B), Alkem prepared and filed its ANDA with the intention of seeking to market Alkem's Generic Product nationwide, including within this judicial district.

24.     On information and belief, and consistent with its practice with respect to other generic products, following FDA approval of ANDA No. 217668, Alkem will import, market, distribute, offer for sale, and/or sell Alkem's Generic Product described in ANDA No. 217668 throughout the United States, including in Delaware, either by itself or through its subsidiaries, agents, and/or alter egos, and will derive substantial revenue from the use or consumption of Alkem's Generic ANDA Product in the state of Delaware.

25.     On information and belief, if ANDA No. 217668 is approved, Alkem's Generic ANDA Product will be marketed, distributed, offered for sale, and/or sold in Delaware; prescribed by healthcare providers practicing in Delaware; administered by healthcare providers located within Delaware; and/or used by patients in Delaware, all of which will have a substantial effect on Delaware.

26.     If ANDA No. 217668 is approved, Plaintiff will be harmed by the marketing, distribution, offer for sale, and/or sale of Alkem's Generic Product, including in Delaware.

27.     This Court also has personal jurisdiction over Alkem because, *inter alia*, it has availed itself of this forum previously for the purpose of litigating a patent dispute.  In particular, Defendant Alkem has been sued multiple times in this District without challenging personal jurisdiction and Alkem has affirmatively availed itself of the jurisdiction of this Court by filing counterclaims in this District.  *See, e.g.*, *ZS Pharma, Inc. v. Alkem Labs. Ltd.*, C.A. No. 22-1096-GBW; *Anacor Pharms., Inc. v. Alkem Labs. Ltd.*, C.A. No. 21-1348-CFC; *Novartis Pharms. Corp.*

*v. Alkem Labs. Ltd.*, C.A. No. 21-1330-LPS; *Allergan USA, Inc. v. Alkem Labs. Ltd.*, C.A. No. 21-1061-RGA; *Azurity Pharms., Inc. v. Alkem Labs. Ltd.*, C.A. No. 20-1094-MSG.

28.     Alternatively, this Court has personal jurisdiction over Alkem pursuant to Fed. R. Civ. P. 4(k)(2), to the extent it is not subject to personal jurisdiction in the courts of any state, because Alkem is a foreign entity organized under the laws of India, Plaintiff's claims arise under federal patent law, and the exercise of jurisdiction satisfies due process requirements, at least because, upon information and belief, Alkem has systematic and continuous contacts throughout the United States by manufacturing, importing, marketing, and/or distributing pharmaceutical products, including generic drug products, either by itself or through its parent corporation, subsidiaries and/or affiliates.

29.     For these reasons and other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Alkem.

30.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), at least because Defendant Alkem is incorporated in India and may be sued in any judicial district in the United States in which it is subject to the Court's personal jurisdiction, including this judicial district.

## FACTUAL BACKGROUND

### The NDA

31.     AbbVie is the holder of NDA No. 210450 for ORILISSA® (elagolix sodium oral tablets (eq. 150 mg base and eq. 200 mg base)) Tablets.

32.     The FDA approved NDA No. 210450 on July 23, 2018, for management of moderate to severe pain associated with endometriosis.

33.    ORILISSA® Tablets are prescription drugs approved for the management of moderate to severe pain associated with endometriosis.  Elagolix sodium is the active ingredient in the ORILISSA® Tablets.

### The Asserted Patent

34.    The '239 patent, titled "Elagolix Sodium Compositions and Processes" was duly and legally issued by the United States Patent and Trademark Office on January 3, 2023.  A true and correct copy of the '239 patent is attached as Exhibit A.

35.    AbbVie owns the rights to the '239 patent.  The '239 patent will expire on July 23, 2039.

36.    The '239 patent is listed in the FDA Orange Book in connection with NDA No. 210450 for ORILISSA® (elagolix sodium oral tablets (eq. 150 mg base and eq. 200 mg base)) Tablets.

### Alkem's ANDA No. 217668

37.    On information and belief, Alkem filed ANDA No. 217668 with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of elagolix sodium oral tablets in eq. 150 mg base and eq. 200 mg base dosage forms, which are generic versions of Plaintiff's ORILISSA® (elagolix sodium) Tablets.

38.    ANDA No. 217668 contains Paragraph IV certifications, alleging that the claims of the '239 patent are invalid, unenforceable, and/or would not be infringed by Alkem's Generic Product.

39.    AbbVie received a letter sent by Alkem, dated June 26, 2023, purporting to be a "Notice of Paragraph IV Certification" for ANDA No. 217668 ("Alkem's Second Notice Letter")

pursuant to § 505(j)(2)(b)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95. Alkem's Second Notice Letter notified AbbVie that Alkem had filed ANDA No. 217668, seeking approval to market Alkem's Generic Product prior to the expiration of the '239 patent.

40.     Plaintiff commenced this action within 45 days of receiving Alkem's June 26 2023, Notice Letter.

41.     On information and belief, following FDA approval of Alkem's ANDA No. 217668, Alkem will make, use, sell, or offer to sell Alkem's Generic Product throughout the United States, or import such generic products into the United States before the '239 patent expires.

**COUNT I**
**INFRINGEMENT OF THE '239 PATENT BY ALKEM**

42.     Plaintiff incorporates by reference the prior paragraphs of this Complaint as if fully set forth herein.

43.     On information and belief, Alkem filed Alkem's ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Alkem's Generic Product in the United States before the expiration of the '239 patent.

44.     On information and belief, Alkem filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification that the claims of the '239 patent are purportedly invalid, unenforceable, and/or not infringed.

45.     On information and belief, in Alkem's ANDA, Alkem has represented to the FDA that Alkem's Generic Product is pharmaceutically and therapeutically equivalent to Plaintiff's ORILISSA®.

46.     Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of Alkem's ANDA seeking approval for the commercial manufacture, use, or sale of Alkem's Generic Product before

10

the expiration date of the '239 patent, constitutes infringement, either literally or under the doctrine of equivalents.

47.     After FDA approval of Alkem's ANDA, Alkem will infringe one or more claims of the '239 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Alkem's Generic Product, and by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Alkem's ANDA shall be no earlier than the expiration of the '239 patent and any additional periods of exclusivity.

48.     On information and belief, Alkem knows, or should know, and intends that healthcare providers will prescribe and patients will take Alkem's Generic Product for which approval is sought in Alkem's ANDA, and therefore will infringe at least one claim in the '239 patent.

49.     On information and belief, Alkem had knowledge of the '239 patent and, by its promotional activities and proposed package insert for Alkem's Generic Product, knows or should know that it will induce direct infringement of at least one of the claims of the '239 patent, either literally or under the doctrine of equivalents.

50.     On information and belief, Alkem is aware and/or has knowledge that it is advertising an infringing use and/or instructing how to engage in an infringing use because healthcare professionals and/or patients will use Alkem's Generic Product according to the instructions in the proposed package insert in a way that directly infringes the '239 patent.

51.     The offering to sell, sale, making, and/or importation of Alkem's Generic Product would actively induce infringement of at least one of the claims of the '239 patent, either literally

or under the doctrine of equivalents.  Alkem has knowledge and is aware of the '239 patent, as evidenced by Alkem's June 26, 2023, Notice Letter.

52.    On information and belief, if Alkem's ANDA is approved, Alkem intends to and will offer to sell, sell, and/or import in the United States Alkem's Generic Product.

53.    Alkem has had and continues to have knowledge that Alkem's Generic Product is especially adapted for a use that infringes the '239 patent.

54.    On information and belief, Alkem has had and continues to have knowledge that there is no substantial non-infringing use for Alkem's Generic Product.

55.    On information and belief, Alkem's actions relating to Alkem's ANDA complained of herein were done by and for the benefit of Alkem.

56.    Plaintiff will be irreparably harmed if Alkem is not enjoined from infringing or actively inducing infringement of at least one claim of the '239 patent.  Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to a permanent injunction against further infringement.  Plaintiff does not have an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Alkem has infringed at least one claim of the '239 patent through Alkem's submission of ANDA No. 217668 to the FDA to obtain approval to manufacture, use, import, offer to sell, and/or sell Alkem's Generic Product in the United States before the expiration of the '239 patent;

B.    The entry of judgment that Alkem's making, using, offering to sell, selling, or importing Alkem's Generic Product prior to the expiration of the '239 patent will infringe, actively

induce infringement, and/or contribute to the infringement of the '239 patent under 35 U.S.C. § 271(a), (b), and/or (c);

C.      A declaration under 28 U.S.C. § 2201 that if Alkem, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Alkem's Generic Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271(a), (b), and/or (c);

D.      The issuance of an order that the effective date of any FDA approval of Alkem's Generic Product shall be no earlier than the expiration date of the '239 patent and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

E.      The entry of a permanent injunction, enjoining Alkem and all persons acting in concert with Alkem from commercially manufacturing, using, offering for sale, or selling Alkem's Generic Product within the United States, or importing Alkem's Generic Product into the United States, until the expiration of the '239 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F.      The entry of a permanent injunction, enjoining Alkem and all persons acting in concert with Alkem from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the '239 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

G.      The issuance of a declaration that this is an exceptional case and an award to Plaintiff of its costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

H.      An award to Plaintiff of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

13

I.    An award to Plaintiff of any further and additional relief that this Court deems just

and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Jennifer H. Roscetti
Danielle A. Duszczyszyn
William B. Raich
Constance P. Lee
Ryan V. McDonnell
Reinaldo Franqui Machin
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4431
(202) 408-4000

August 10, 2023

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs AbbVie Inc.*

14